654 So.2d 982 (1995)
Jeffrey L. BERKOWITZ, Trustee under unrecorded Declaration of Trust dated as of July 1, 1989, Appellant,
v.
The CITY OF TAMARAC, a Florida Municipal corporation, Appellee.
No. 93-3802.
District Court of Appeal of Florida, Fourth District.
April 26, 1995.
Rehearing Denied June 14, 1995.
Raoul G. Cantero, III of Adorno & Zeder, P.A., Miami and Leonard K. Samuels of Berger, Shapiro & Davis, P.A., as co-counsel, Fort Lauderdale, for appellant.
Rebecca Schlosser of the Law Office of Rebecca Schlosser, Fort Lauderdale, and Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for appellee.
KLEIN, Judge.
Appellant's complaint, alleging breach of contract by the City of Tamarac, was dismissed because the court concluded that it was necessary for appellant to first exhaust his administrative remedies. We reverse.
In 1989 the city sold property on which it was operating some of its public works to appellant. The property was leased back to the city, however, until it could move the public works into a new facility, which was not yet complete. The property was zoned B-2 commercial, and at appellant's insistence, the lease to the city contained the following provision:

TENANT'S PURCHASE OF PREMISES: If during the Term, Tenant [the City] shall effectuate (or the City Council of Tamarac shall take affirmative action to seek to effectuate) either (i) an adverse change in zoning to the Premises or (ii) the imposition of any additional governmental restrictions or requirements which would prohibit or materially adversely affect Landlord's [Berkowitz's] intended development of premises pursuant to the "Composite Site Plan" ... so that such development would become economically unfeasible then, ... Tenant shall purchase the premises from the Landlord.
The complaint alleged that in 1990 the city adopted a comprehensive land use plan which contained provisions requiring that public services and facilities be made available concurrent with the impact of development. The requirements, which did not exist before the lease was executed, prohibit development of property if the development is likely to substantially increase traffic. Appellant's intended development, which includes restaurants and similar commercial uses, would generate sufficient additional traffic such that he would either have to wait until the roads are improved by the government, or improve the roads himself  both of which make development economically unfeasible. The complaint alleged that the city breached the lease by refusing to repurchase the property, and seeks money damages, and, in addition, rescission on the ground that the city fraudulently induced appellant to purchase the property knowing, but not informing him, that it was going to adopt the comprehensive plan.
The trial court dismissed the case, because appellant had failed to exhaust his administrative remedies by not seeking relief from the restrictions, and this appeal ensued.
*983 We conclude that because appellant is seeking money damages and rescission, which could not be obtained in an administrative proceeding, he is not required to exhaust administrative remedies. Winter Springs Dev. Corp. v. Florida Power Corp., 402 So.2d 1225, 1228 (Fla. 5th DCA 1981).
While ordinarily a plaintiff who has an administrative remedy provided by statute must exhaust that remedy before a court will act to give the same remedy, a plaintiff is not required to pursue administrative remedies where they are not available and adequate. Therefore, where, as here, a plaintiff seeks money damages for breach of contract, which an administrative body is not empowered to award, the administrative remedy is not considered adequate and the plaintiff is not bound to exhaust it before seeking relief in court. (Citations omitted.)
See also Barry Cook Ford, Inc. v. Ford Motor Co., 616 So.2d 512, 517 (Fla. 1st DCA 1993). Thus, while the city may be able to defend this lawsuit by attempting to establish that its comprehensive plan does not adversely affect the prospective development of appellant's property, it is not entitled to insist that he seek administrative relief before proceeding with his lawsuit.
We therefore reverse and remand for further proceedings.
STONE and POLEN, JJ., concur.